IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DUCHELLE GREEN,<br>    Petitioner,<br><br>v.<br><br>HAROLD W. CLARKE, *et al.*,<br>    Respondent. | Civil Action No. 7:23-cv-00043<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Michael Duchelle Green filed this petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging a 2021 revocation of a suspended sentence for driving while intoxicated and possessing a controlled substance. (Habeas Pet., Dkt. No. 3.) Before the court is respondent's motion to dismiss. (Dkt. No. 14.) For the reasons stated below, respondent's motion will be granted.

I.  BACKGROUND

Green is in state custody pursuant to a final capias disposition order of the Halifax County, Virginia, Circuit Court, entered on January 26, 2021, based on three 2015 convictions. On April 15, 2015, Green entered a guilty plea to driving on a revoked license, driving while intoxicated, and possessing a controlled substance. (Plea Agreement, Resp't's Ex. 1, Dkt. No. 16-1.) On December 14, 2015, the circuit court sentenced Green to five years and 18 months' incarceration with three years and 24 months suspended. (Resp't's Ex. 2, Dkt. No. 16-2.)

On June 1, 2018, the circuit court revoked and resuspended all but one year of Green's previously suspended sentence. (Resp't's Ex. 3, Dkt. No. 16-3.) In the January 26, 2021 revocation at issue here, the circuit court revoked the remaining two years and 24 months of Green's previously suspended sentence. (Resp't's Ex. 4, Dkt. No. 16-4.) Green pled guilty to

violating the terms of his suspended sentences. (Resp't's Ex. 5, Dkt. No. 16-5.) Petitions for appeal were denied by the Court of Appeals of Virginia by a per curiam order on October 26, 2021, and by a three-judge panel of the court of appeals on December 29, 2021. (Resp't's Exs. 6, 7, Dkt. Nos. 16-6, 16-7.) The Supreme Court of Virginia denied an appeal petition on August 29, 2022. (Resp't's Ex. 8, Dkt. No. 16-8.)

Green also filed a petition for a writ of habeas with the Supreme Court of Virginia that was dismissed on March 28, 2022. (Resp't's Exs. 9, 10, Dkt. Nos. 16-9, 16-10.) Green filed another habeas corpus petition with the Halifax County Circuit Court on June 5, 2022. (Resp't's Ex. 11, Dkt. No. 16-11.) This petition was denied on October 21, 2022, and Green did not appeal that decision. (Resp't's Ex. 12, Dkt. No. 16-12.)

Green has also filed several federal habeas petitions challenging his 2021 revocation that were dismissed without prejudice. *See* Case Nos. 7:22-cv-452, 7:22-cv-345, 7:21-cv-154 (W.D. Va.)

Green initiated this matter on January 20, 2023. (Dkt. No. 1.) The court issued an order directing Green to identify whether he is asserting a claim in habeas corpus, which should be pursued to 28 U.S.C. § 2254, or solely a claim for money damages, which would likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 2.) Green responded by filing a § 2254 petition that was conditionally filed and eventually served. (Dkt. Nos. 3, 4, 8.)

II. ANALYSIS

A. **Petitioner's Claims**

Green brings a single claim in his § 2254 petition for ineffective assistance of counsel. (Habeas Pet. 5.) He claims that his attorney (public defender Elizabeth Hunt) was ineffective by "allowing" the judge to sentence him to two years and 24 months for the probation violation

2

offense. Green claims to enclose documentation showing he only had two years and six months remaining to serve on that charge. Respondent argues that this claim is procedurally defaulted.

**B. Exhaustion and Procedural Default**

A state prisoner must exhaust his remedies in state court before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b). A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state court of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A petitioner must also present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). A state prisoner does not "fairly present" a claim for exhaustion purposes when the claim is raised in "a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and

3

'the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 722).  In that case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Baker*, 220 F.3d at 288.

      Petitioner did not raise the issue he raises here, pertaining to the amount of suspended time available for revocation, in state court.  The habeas petition he filed in Halifax County Circuit Court raised claims that are somewhat similar, related to an error in Green's sentencing guideline forms and the recommendation calculation (Resp't's Ex. 12 at ¶ 9), but even so, Green did not appeal the dismissal of that petition and present the claim to the state's highest court. Thus, petitioner did not exhaust this claim in state court, and because any attempt to do so now would be time-barred, *see* Va. Code § 8.01-654(A)(2) (providing that a habeas corpus petition "shall be brought within one year after the cause of action accrues"), the claim is both exhausted and procedurally defaulted.  See *Booker v. Dir. of the Dep't of Corr.*, 727 S.E.2d 650, 651 (Va. 2012) ("The limitation period for habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues," which is the date "the circuit court entered the order under which petitioner is currently detained"); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (finding that Va. Code § 8.01-654(A)(2) constituted an independent and adequate state law ground).

      Thus, to consider this claim, Green must satisfy one of the two recognized exceptions: "cause and prejudice, or actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th

4

Cir. 2010). In the several responses filed by Green,[1] he never argues or attempts to establish cause for his procedural default. *See Breard*, 134 F.3d at 620 (explaining that cause is "some objective factor external to the defense that impeded counsel's efforts to raise the claim in state court at the appropriate time"). Green also cannot establish actual innocence as he pleaded guilty.

For these reasons, the court will grant the motion to dismiss.

## C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, which is the case here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to make the requisite showing. Therefore, the court declines to issue a certificate of appealability. However, Green may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See* Fed. R. App. P. 22(b).

### III. CONCLUSION

For the reasons stated in the foregoing opinion, the court will issue an appropriate order

---

[1] *See* Dkt. Nos. 22, 28, 31, 33, 34, 36, 37, 38.

granting respondent's motion to dismiss, denying Green's § 2254 petition, and declining to issue a certificate of appealability.

Entered: February 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

6